FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 08 2005
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS. NO. 5:04CV0424 SWW | |
| HAYRES ROSE PORTER | DEFENDANTS |

## JUDGMENT

An Agreed Order in Case No. 5:04-bk-25506 agreeing to abandonment of certain property securing the debt of the Unites States of America, Farm Service Agency was filed June 16, 2005 and is attached hereto as Exhibit A. No answer has been filed.

**IT IS THEREFORE, ORDERED AND ADJUDGED:**

1. The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2. The obligation of Hayres Rose Porter to the United States of America is in default and the debt to the United States of America is in the principal sum of $58,485.59, and interest in the sum of $11,576.57 accrued to September 27, 2004, and thereafter at the daily rate of $12.1516 to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. Section 1961, plus advances and recoverable charges in the amount of $4,068.70 made for protection and maintenance of the subject property, and the costs of this action. Plaintiff United States of America, Rural Development, USDA, is hereby awarded judgment in rem against the property described herein for the above-mentioned sums and for the sum of $3,645.82 interest credit. No personal judgment having been prayed for, none is rendered.

3. The above-described indebtedness due and owing to the United States of America, Rural Development, USDA, is secured by a mortgage recorded in the records of the Circuit Clerk

and Ex-Officio Recorder for Chicot County, Arkansas, on November 2, 1999, in Book F-21 at page 61. Plaintiff's mortgage constitutes a first lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendant, in and to the following described property in Chicot County, Arkansas:

> Lot 22 and the East 30 feet of Lot 23 of the W.T. James Subdivision of the North 19.2 feet of Lot 19, all of Lots 20 through 28, and all of Lots 47 through 53 of the plat of Lakewood Estates No. 1, as shown in Plat Book 2, Page 31, in the office of the Circuit Clerk and Ex-Officio Recorder in and for Chicot County, Arkansas

together with all improvements and appurtenances thereon.

4. If the above-described indebtedness due plaintiff United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above described property at public auction to the highest bidder for cash, or on a credit of 30 days, at the South front door of the Chicot County Courthouse, Lake Village, Arkansas. The date and time of such sale shall be fixed by the Marshal. If purchased on credit, the purchase price shall be secured by one of the following methods at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U.S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 30 days, in which event the Marshal shall resell the property. In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid

property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, plaintiff may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. Section 2002, and shall forthwith report the result of the sale to the Court.

5. Upon the sale of the above-described real property all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of the defendants, and each of them, in and to said property and every part thereof shall from that date be foreclosed and forever barred.

6. The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance upon application therefor to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

7. The sale proceeds, after expenses of sale, shall be paid to the plaintiff United States of America to the extent of the indebtedness owed to the United States of America. Any surplus shall be retained in the registry of the Court subject to further orders of the Court with notice to the Trustee in Bankruptcy.

8. The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED _____  _____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

IN RE:    HAYRES ROSE PORTER                          NO. 5:04-bk-25506T
          DEBTOR                                      CHAPTER 13

## AGREED ORDER

Comes on for approval the proposal of the Trustee to abandon certain property securing the debt of the United States of America, Farm Service Agency. The Court, being sufficiently advised, finds that the Trustee and Debtor have agreed and jointly consented to entry of this Order. Therefore, upon consideration, and for good cause shown, it is

ORDERED, that the Trustee's interest in and to the following described property securing the debt owed to the United States of America, Farm Service Agency, is hereby abandoned:

> **Lot 22 and the East 30 feet of Lot 23 of the W.T. James Subdivision of the North 19.2 feet of Lot 19, all of Lots 20 through 28, and all of Lots 47 through 53 of the plat of Lakewood Estates No. 1, as shown in Plat Book 2, Page 31, in the office of the Circuit Clerk and Ex-Officio Recorder in and for Chicot County, Arkansas. (Property location: 215 Willow Drive, Lake Village, AR)**

It is further ordered that the stay provisions of 11 U.S.C. §362 should be, and hereby are, relaxed with regard to the property, securing the debt of the United States of America, Farm Service Agency, abandoned through this Order, and creditors with valid claims or interests in and to the abandoned property are released to pursue their usual

EOD 6/16/05 BY LNS

Exh "A"

lawful remedies against the Debtor's interest in said abandoned property; however, the provisions of §362 continue in full force and effect as to the Debtor and to all other property of the estate or property of the Debtor not itemized within this Order, and suits or actions to enforce personal money judgments against the Debtor is precluded by the operative provisions of §362 not relaxed by this Order.

Entered this _____ day of June, 2005.

_____
HONORABLE RICHARD D. TAYLOR
UNITED STATES BANKRUPTCY JUDGE

June 16, 2005

APPROVED:

*/s/ Walter M. Dickinson*
Walter M. Dickinson
U.S. Bankruptcy Trustee
3101 Hinson Road
Little Rock, AR 72212-2713

2

Hayres Rose Porter
5:04-bk-25506T
Agreed Order


*/s/ G. Gregory Niblock*
G. Gregory Niblock
Attorney for Debtor
P. O. Box 1208
Stuttgart, AR 72160


*/s/ Fletcher Jackson*
Fletcher Jackson
Assistant United States Attorney
P. O. Box 1229
Little Rock, AR 72203

3